[Civ. No. 3827. First Appellate District, Division Two.—June 24,
1921.]

MARY ALMQUIST, Respondent, v. GUY S. GARNER
et al., Appellants.

[1] ADOPTION—WHEN CONSENT OF FATHER UNNECESSARY—DEPRIVA-
TION OF CUSTODY BY JUVENILE COURT.—Where, by an order of
the juvenile court, the father of a minor child has been deprived
of its custody because of his failure to provide for and his aban-
donment of such child, while that order is in effect his consent is
not necessary to the adoption of such child under section 224 of
the Civil Code.

1. Abandonment of child as affecting necessity of consent of parent
to adoption, note, Ann. Cas. 1914A, 223.

[2] ID.—DEPRIVATION OF CUSTODY—COLLATERAL ATTACK ON ORDER.—
An order of the juvenile court depriving the father of the custody
of his minor child for neglect and failure to· provide is not sub-
ject to collateral attack.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Frank G. Finlayson, Judge. Reversed.

The facts are stated in the opinion of the court.

T. C. Gould for Appellants.

L. G. Shelton for Respondent.

LANGDON, P. J.—This is an appeal by the defendants
from a judgment declaring null and void an order of adop-
tion of the superior court for the county of Los Angeles, by
which the defendants adopted as their child Margaret
Almquist, who was at that time of the age of about four
years. The plaintiff is the mother of the child.

The child was adopted by the defendants in November,
1912. Five years later, in November, 1917, the present
action was commenced to annul the order of adoption upon
the grounds, (1) that the father did not consent to the
adoption and no notice was given to him of the adoption
proceedings, and (2) that fraud was practiced upon the
mother to obtain her consent. The trial court found
against the plaintiff on this latter allegation, but annulled
the order upon its findings that the written consent of the
father of the child had not been obtained, and that the
child was not an abandoned child within the provisions of
section 224 of the Civil Code as it existed at the time of the
adoption proceedings; and that the father was never judi-
cially deprived of the custody of the child.

Appellant urges that the facts do not support the finding
that the child was not an abandoned child, and, further,
that it is only the father himself who can avoid the order
because of the want of notice to him of the proceedings by
which he was deprived of the custody of his child, which
proceedings were relied upon in the adoption proceedings,
to make his consent unnecessary. The father is not a party
to this action and appellant contends that as the written
consent of the mother was obtained, and the court has

found it was obtained without fraud, she cannot raise the
questions growing out of the want of consent of the father
of the child.

In the present case the mother testified that in 1912 she
was getting twenty dollars a month from the county for her
children. She was sick and it was necessary for her to go
to a hospital. Her husband had deserted her and her three
children, and she did not know where he was. It was at
this time that she consented to the adoption of the child.

The record of the proceedings in the juvenile court rela-
tive to this child, prior to her attempted adoption by the
defendants, was offered in evidence. From this it appears
numerous orders were made from time to time declaring
this child and her brother and sister dependent children
because their father had deserted them, and their mother
was an invalid and unable to support them, and providing
for the payment by the county of certain sums for the sup-
port of these children. The Juvenile Court Act [Stats.
1915, p. 1225], as it read at the time of the proceedings
herein, enumerated the conditions under which a child might
be found to be a "dependent child" within the meaning of
the act. A child under the age of twenty-one years, whose
father had abandoned his family, was declared to be a de-
pendent child. This act provided for the filing of a petition
in the juvenile court to have the child declared dependent.
A citation was then issued to be served upon the parents,
if residing within the county and their places of residence
were known. The juvenile court, after having thus ac-
quired jurisdiction, could make such order as was "meet in
the premises" for the welfare of the dependent child, but
could not deprive any parent of the custody of his child
unless it found the parent to be incapable, or to have failed
or neglected to provide proper maintenance, training, and
education for said child.

At the same time, section 224 of the Civil Code provided
that the consent of a parent to the adoption of his child was
not necessary where he had been judicially deprived of its
custody on account of cruelty or neglect.

The transcript shows that on September 28, 1911, a peti-
tion was filed in due form asking that Margaret Almquist
be declared a dependent child, and reciting that her father's
place of residence was unknown, that he had deserted his

family, and that the mother was then confined in the county hospital. On October 4, 1911, the juvenile court found the child to be dependent, and secured monthly payments from the county for her support. From time to time thereafter other orders were made for the support of the child, and on April 6, 1912, a second petition was filed in the same proceeding alleging that the child was then in the custody of the mother and that the father had abandoned her and his place of residence was unknown. On April 9, 1912, an order was made in the same proceeding reciting that "due notice having been given the parents," and testimony having been taken, it was adjudged the child was dependent within the meaning of the Juvenile Court Act, and an award for her support by the county was made.

On November 19, 1912, after the child had been a ward of the court for more than one year, during which time she was supported by the county under orders of the juvenile court, an order was made in the same proceeding depriving the father of the custody of the child because he had neglected to provide for her and had abandoned her. The court having acquired jurisdiction of the subject matter and the parties when the petition was filed, it had jurisdiction to make this order under the Juvenile Court Act. [1] The father having been deprived of the custody of the child by this order on account of his failure to provide for her— a matter which was within the knowledge of the court because of the various orders against the county covering a period of more than one year—his consent was not necessary to the adoption proceedings under section 224 of the Civil Code.

[2] The order of the juvenile court depriving the father of the custody of his child for neglect and failure to provide is not subject to collateral attack. Based upon this order, the adoption proceedings were regular without the consent of the father and should not have been annulled.

What discretion the court might exercise in the matter of modifying its order depriving the father of the custody of his child, upon a proper showing made by the father as to his present ability and inclinations toward his child, is beyond the scope of the inquiry here. The intervention of the rights of the adoptive parents, or of others, at the time of the application for a modification or change in said order,

would be a proper matter for consideration in arriving at the equities of the situation should such a motion be made on the part of the father. (*Matter of Guardianship of Michels,* 170 Cal. 339, at p. 344, [149 Pac. 587].) At present, there is no showing whatsoever by any person, nor any application for a modification or change in this order depriving the father of the custody of his child. With such order in full force and effect, the consent of the father was unnecessary to the adoption.

The judgment is reversed.

Nourse, J., and Sturtevant, J., concurred.